JULIUS SUM, Plaintiff, *v.* INDEPENDENT RETAIL FRUIT MER-CHANTS' ASSOCIATION OF GREATER NEW YORK and Others, Defendants.

Supreme Court, New York County, July 4, 1932.

*Kopp, Markewich & Null* [*Samuel Markewich* of counsel], for the plaintiff.

*Karl Propper*, for the defendants.

LYDON, J.   This is a motion by the plaintiff to punish the defendant Adolph Gingold for contempt for violation of an order of this court.   When this motion was made, the affidavits were so contradictory that the matter was sent to a referee to take testimony and report to the court, and in the meantime disposition of the motion was withheld.   The referee's report substantiates the contention of the plaintiff, and shows that the plaintiff is a labor union whose membership is composed of men employed as retail clerks in grocery and dairy stores and in fruit and vegetable markets. The defendant is an incorporated membership association whose membership is composed of employers.   The defendant Adolph Gingold during the times mentioned in the referee's report has been a member, and at times an official, of the employers' association.   In the month of June, 1930, defendant employers' association and the plaintiff labor union entered into a written agreement, which agreement, among other things, required the members of the employers' association to employ only members of the plaintiff's union as clerks, and not to require such clerks to work more than sixty-eight hours per week.   Said agreement is still in force, and will not expire until December, 1933.

In the month of December, 1930, because of persistent violations of the collective agreement by the employers' association and some of its members, an action was commenced in this court for an injunction to restrain several defendants, among whom was this individual defendant Gingold, from violating said collective agreement.   On January 29, 1931, a permanent injunction was granted against the association and several of its members and this defendant Gingold, which injunction, among other things, restrained the defendant Gingold from conspiring with others to violate said agreement or to counsel, advise, instigate or encourage members of the association to violate said agreement, and it also restrained the defendant from employing non-union clerks, from reducing salaries below a minimum of thirty-five dollars per week, and from increasing hours of employment to above sixty-eight hours per week.   On February 14, 1931, said injunction order was duly served on the defendant Gingold.   According to the referee's report, within a short time thereafter the defendant not only refused to obey the injunction himself but he deliberately and willfully set out to counsel and

advise other members to violate it. Furthermore, the respondent Gingold set out deliberately to use his influence to destroy the contractual relationship between the union and the employers and to nullify the injunction. Among other things, the referee finds that the evidence established that, although the injunction order restrained respondent from employing the clerks in excess of sixty-eight hours a week, he nevertheless employed them for not less than seventy-one and one-half hours, and in some instances as long as eighty-five hours a week; also that the wages paid his employees were far below the minimum fixed by the agreement. Not only did he fail to employ union help, but he prevented his employees from joining the union under penalty of losing their jobs and prevented representatives of the union from speaking to the employees in his stores.

The respondent seeks to avoid responsibility for his acts by claiming that, if any violation was committed, it was by Mason, Gingold & Co., Inc., a corporation which owns the markets in question and which alone employs clerks, and not by the respondent, who is only an agent or officer of that corporation, and, furthermore, that whatever the respondent did toward hiring help and managing the said market was not for himself, but for the corporation. The difficulty with that contention is that the injunction specifically restrains the respondent, and the referee found as a fact that the business of Mason, Gingold & Co., Inc., was under the absolute and sole direction and management of Adolph Gingold, respondent. But aside from that, where a corporation commits a contempt, not only may the corporation be fined, but its officers through whom it was committed may be punished. The foregoing are only some of the numerous violations of the injunction referred to by the referee in his report, and the conduct of this defendant clearly shows a total disregard of the order of the court, and in fact deliberate defiance of it, and, therefore, he must be punished for such defiance.

Plaintiff's motion to punish the respondent Adolph Gingold for a criminal contempt is granted, with ten dollars costs, and said respondent is fined the sum of $250, in default of payment of which he will be imprisoned for thirty days. Settle order on two days' notice.